# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATASHA HEBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-794-SDD-EWD** |
| **UNIMEX LOGISTICS, LLC, UNITED SPECIALTY INSURANCE COMPANY, AND FELIX BARRAZA-ARTIGAS** | |

## NOTICE AND ORDER

Before the Court is a Notice of Removal filed by Defendants Unimex Logistics, LLC ("Unimex"), and United Specialty Insurance Company ("United") (collectively, "Defendants").[1] A review of the state court pleadings attached to the Notice of Removal establishes that Plaintiff, Latasha Hebert, obtained a state court order appointing an international process server for the purpose of serving Defendant Felix Barraza-Artigas ("Barraza-Artigas") prior to removal.[2] However, Defendants contend that proof of service on Barraza-Artigas has not been filed in the state court record.[3]

Defendants removed this matter, which involves a motor vehicle accident that was allegedly caused by Barraza-Artigas, from the Eighteenth Judicial District Court for the Parish of West Baton Rouge, Louisiana, on August 23, 2018. Defendants assert that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[4] The Notice of Removal makes the following allegations regarding the citizenship of the parties:

---

[1] R. Doc. 1.
[2] R. Doc. 1-4.
[3] R. Doc. 1, ¶ 5.
[4] R. Doc. 1, introduction, ¶¶ 3, 27.

12.

Plaintiff's *Petition for Damages* states that she is "a resident of the full age of majority of the Parish of East Baton Rouge, State of Louisiana," and for purposes of diversity, she is therefore a citizen of the State of Louisiana. *See* Exhibit "A," Preamble.

13.

While immaterial to the instant removal, Plaintiff's *Petition for Damages* further states that Defendant, Felix Barraza-Artigas, who remains unserved, is "a resident of the full age of majority of Reynosa, Mexico." *See* Exhibit "A" at Paragraph 1(3).

14.

Plaintiff's *Petition for Damages* further states that Defendant, Unimex Logistics, LLC, is "a foreign limited liability company." *See* Exhibit "A" at Paragraph 1(1). In fact, Defendant, Unimex Logistics, LLC is a limited liability company organized under the laws of the State of Texas, which has its principal place of business in Texas and its mailing address in Pharr, Texas. *See* Exhibit "E," documentation obtained from website of Texas Comptroller of Public Accounts, as well as the following information contained in the Bloomberg company overview: https://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=267438842

15.

Furthermore, Unimex Logistics, LLC is a limited liability company with two Members, Adalberto Campero and Teresa L. Campero; each Member is a citizen and domiciliary of the State of Texas. *See* Exhibit "F," Certificate of Formation. The citizenship of a limited liability company for diversity purposes is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). There are no additional Members of this limited liability company.

16.

Plaintiff's Petition for Damages further states that Defendant, United Specialty Insurance Company, is "a foreign insurance company." See Exhibit "A" at Paragraph 1(2). In fact, United Specialty Insurance Company is a foreign insurer organized under the laws of the State of Delaware, with its principal place of business in Bedford, Texas. See Exhibit "G," documentation obtained from Texas Department of Insurance website.

17.

As a result of the foregoing, complete diversity of citizenship exists between Plaintiff and all "properly joined and served" Defendants. 28 U.S.C. § 1441(b)(2):

(a) Plaintiff is a citizen of the State of Louisiana;
(b) Unimex Logistics, LLC is a citizen of the State of Texas, as are each of its only two Members;
(c) United Specialty Insurance Company is organized under the laws of the State of Delaware, with its principal place of business in Bedford, Texas; and
(d) Co-Defendant Felix Barraza-Artigas is also diverse from Plaintiff, although this is immaterial, as he has not been "properly joined and served."[5]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. In the Notice of Removal, citizenship has been adequately alleged as to Defendants Unimex and United.[6] However, it is not clear from the Notice of Removal that complete diversity exists because citizenship has not been adequately alleged with respect to Plaintiff and Defendant Barraza-Artigas.

The Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). Furthermore, "[f]or adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996) (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989)). Thus, to properly allege the citizenship of an individual, a party must identify the individual's domicile.

Defendants aver that since Plaintiff's Petition for Damages states that she is "a resident of the full age of majority of the Parish of East Baton Rouge, State of Louisiana," "she is therefore a citizen of the State of Louisiana."[7] Further, Defendants aver, again by reference to Plaintiff's

---

[5] R. Doc. 1, ¶¶ 12-17.
[6] 28 U.S.C. §1332(a) also requires that the amount in controversy exceed the sum of $75,000, exclusive of interest and costs. The pleadings and attached documentation indicate that the amount in controversy requirement is met. *See* R. Doc. 1, ¶¶ 9-10 and ¶¶ 24-26, R. Doc. 1-7, p. 1 (Plaintiff's responses to Requests for Admission, denying Request for Admission that damages do not exceed $75,000) and R. Doc. 1-12 (First Supplemental and Amending Petition for Damages, which asserts that Plaintiff's damages exceed $75,000).
[7] R. Doc. 1, ¶ 12.

3

Petition, that Barraz-Artigas is "a resident of the full age of majority of Reynosa, Mexico," and that he "is also diverse from Plaintiff."[8] However, allegations of residency are insufficient to establish citizenship. Accordingly, Defendants must file an amended Notice of Removal, as ordered below, that provides a sufficient allegation regarding the citizenship of Plaintiff and Barraza-Artigas, *i.e.*, that provides their domiciles.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Unimex Logistics, LLC, and United Specialty Insurance Company shall have seven (7) days from the date of this Order to file a Motion to Substitute the Notice of Removal with a proposed comprehensive amended Notice of Removal, that includes all of Defendants' numbered allegations, as revised, supplemented, and/or amended, that properly sets forth the citizenship particulars required to establish that the Court has diversity jurisdiction under 28 U.S.C. § 1332 over the case.

Signed in Baton Rouge, Louisiana, on September 18, 2018.

          **ERIN WILDER-DOOMES**
          **UNITED STATES MAGISTRATE JUDGE**

---

[8] R. Doc. 1, ¶¶ 13, 17(d). The Fifth Circuit has held that "non-diverse citizenship cannot be ignored simply because [the defendant is] an unserved defendant." *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998). "A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Id*. (collecting cases). *See also*, *Porter v. Loney*, Civil Action No. 16-100, 2017 WL 9485598, at * 4 (M.D. La. May 18, 2017) ("To be clear, '[t]he United States Supreme Court has held that the citizenship of all defendants, whether served with process or not, is to be considered when determining whether complete diversity exists in a removed lawsuit.'") (citing *In re Norplant Contraceptive Products Liability Litigation*, 889 F.Supp. 271, 273 (E.D. Tex. 1995) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939)); *Aydell v. Sterns*, 677 F. Supp. 877, 879 (M.D. La. 1988) ("We begin by recognizing that the simple fact that a resident [and non-diverse] defendant has not yet been served does not, in and of itself, entitle a non-resident [and diverse] defendant to remove.").